UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO ANTONIO SALCEDO
RODRIGUEZ (A-241-662-057),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

Case No.  2:26-cv-00426 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Francisco Antonio Salcedo Rodriguez (A-241-662-057), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. at 7 (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On February 13, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On February 13, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 6 (citing Ayala Cajina v. Wofford, No. 1-25-cv-01566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21. 2025)).  (ECF No. 6.)  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders and would justify denial of a preliminary injunction.  (Id.)  On February 18, 2026, respondents filed an answer to the petition and opposition to the motion for a temporary restraining order.  (ECF No. 8.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(i)(B)(ii), but also acknowledged that this case does not appear to present any facts distinguishing it substantively from Ayala v. Cajina, No. 1-25-cv-01566, 2025 WL 3251083.  (ECF No. 8 at 1-2.)

On March 2, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from Ayala Cajina, yet also stated that petitioner was released on parole apparently pursuant to 8 U.S.C. § 1182(d)(5).  (ECF No. 11.)  The district court found that petitioner entered the United States on September 17, 2022 and was paroled on December 15, 2022.  (Id.)  Petitioner was re-detained on or about December 6,

---

[1] The factual and procedural background previously presented in the district judge's March 2, 2026 order is incorporated herein.  (See ECF No. 11.)

2025 without written notice or an opportunity to contest his detention.  (Id.)  Respondents argued that petitioner had pending traffic violations in Utah, but did not argue that these alleged traffic violations were the reason for petitioner's re-detention.  (Id.)  The district court found that petitioner was likely to succeed on his claim that his parole revocation violated due process because petitioner did not receive written notice or a hearing to contest his parole revocation.  (Id. (citing Y-Z-L-H v. Bostock, 792 F. Supp. 3d 1123, 1144-46 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including providing of written notice of revocation to petitioner); Noori v. LaRose, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025) ("Thus, petitioner was entitled to due process in his parole revocation.  Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); Singh v. Albarran, No. 1:25-cv-1821 DAD SCR, 2025 WL 3640678, at *2-3 (E.D. Cal. Dec. 16, 2025) (determining that a petitioner previously released pursuant to 8 U.S.C. § 1182(d)(5) could not be subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1(B)(ii)); Rocha Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606, at *2-5 (E.D. Cal. Dec. 9, 2025) (petitioner was released pursuant to § 1182(d)(5) and the court determined that he was likely to succeed on the merits of his procedural due process claim because petitioner had demonstrated a liberty interest in his continued release, and his continued detention without written notice and a hearing was unlawful)).  The district court converted petitioner's motion for a temporary restraining order to a motion for a preliminary injunction and granted the injunction.  (Id.)  In addition to granting petitioners immediate release, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention.  (Id.)  The district court referred this action to the undersigned for further proceedings.  (Id.)

On March 9, 2026, this Court granted petitioner ten days to file a traverse or reply to the answer.  (ECF No. 12.)  This Court ordered that if petitioner did not file a traverse or reply to the answer by this deadline, the petition would be deemed submitted on the record currently before

3

the court without any additional briefing.  (Id.)  Ten days passed and petitioner did not file a traverse or reply.  (See Docket.)  Briefing is closed.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by revoking his parole and continuing to detain him without written notice and a hearing.  See Y-Z-L-H, 792 F. Supp. 3d at 1144-46; Noori, 807 F. Supp. 3d at 1165; Rocha Chavarria, 2025 WL 3533606, at *2-5; Singh, 2025 WL 3640678, at *2-3.  Because the resolution of petitioner's due process claim (claim two) provides the relief requested, the Court need not reach petitioner's statutory claim (claim one).

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED as to claim two (due process).

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Francisco Antonio Salcedo Rodriguez (A-241-662-057) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being

served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Rodr426.157.imm/2